Filed 3/14/22  P. v. Torres CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077190 |
| v. | (Super.Ct.No. INF051722) |
| DANIEL CARDONA TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Reversed.

REQUEST FOR JUDICIAL NOTICE.  Denied.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Daniel Rogers, Alan L. Amann, and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Petitioner Daniel Cardona Torres was charged with murder (among other crimes); he pleaded guilty to the lesser included offense of manslaughter (among other crimes). In 2021, he filed a petition for resentencing under section 1170.95.[1] The trial court denied the petition on the ground that, at the time, section 1170.95 did not apply to a manslaughter conviction. While this appeal was pending, however, the Legislature amended section 1170.95 so as to make it applicable to a manslaughter conviction. Petitioner is entitled to the benefit of this ameliorative amendment. Thus, we will reverse.

I

STATEMENT OF THE CASE

Petitioner was charged with 12 counts, including the murder of Vanessa Torres.

In 2014, petitioner pleaded guilty to the voluntary manslaughter of Vanessa Torres (§ 192, subd. (a)), with a personal firearm use enhancement (§ 12022.5, subd. (a)) and a gang participation enhancement (§ 186.22, subd. (b)(1)(C)). Previously, he had pleaded guilty to one count of discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)) and two counts of assault with a firearm (§ 245, subd. (a)(2)), each with the same enhancements as the voluntary manslaughter count. Pursuant to the plea bargain, he was sentenced to a total of 31 years in prison.

---

[1] This and all further statutory citations are to the Penal Code, unless otherwise indicated.

2

In 2021, petitioner filed a petition for resentencing pursuant to section 1170.95. He alleged, "I pled guilty . . . to voluntary manslaughter . . . because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine." Counsel was appointed.

The trial court summarily dismissed the petition on the ground that section 1170.95 did not authorize resentencing on a manslaughter conviction.

## II

## DISCUSSION

A.    *Statutory Background.*

1.    *Senate Bill No. 1437.*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.)

SB 1437 amended section 189 so as to provide that the felony murder rule (§ 189, subd. (a)) applies to a person only if:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

"[(4) T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f).)

SB 1437 also amended section 188 so as to provide that, except when the felony murder rule applies, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This effectively abrogated the natural and probable consequences rule (see generally *People v. Prettyman* (1996) 14 Cal.4th 248, 260-263) with respect to murder.

Finally, SB 1437 enacted section 1170.95. As originally enacted, section 1170.95 allowed a person who has been convicted of first or second degree murder under a felony murder or natural and probable consequences theory, but who could no longer be so convicted under SB 1437, to petition to have the conviction vacated. If the underlying felony was not charged, the conviction must be reduced to the underlying felony, and the petitioner must be resentenced. (§ 1170.95, subd. (e).) The petitioner also must be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

Appellate courts unanimously held that, under section 1170.95 as originally enacted, a person convicted of manslaughter, rather than murder, was not entitled to relief. (*People v. Paige* (2020) 51 Cal.App.5th 194, 201-206, and cases cited.) Thus, under the law as it stood at the time, the trial court properly denied the petition.

4

2. *Senate Bill No. 775.*

In 2021, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) SB 775 amended section 1170.95 so that it now provides that "[a] person convicted of . . . manslaughter may file a petition . . . to have the petitioner's . . . manslaughter conviction vacated . . . ." (§ 1170.95, subd. (a).) As applicable here, such a person must allege that (1) he or she "accepted a plea offer in lieu of a trial at which [he or she] could have been convicted of murder or attempted murder," and (2) he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by SB 1437. (§ 1170.95, subds. (a)(2), (a)(3).)

SB 775 applies in all cases not yet final on appeal. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652; see generally *In re Estrada* (1965) 63 Cal.2d 740, 744-746.) Under SB 775, petitioner is no longer categorically ineligible for relief.

There is no need for further briefing on this point. (See Gov. Code, § 68081.) In his opening brief, petitioner noted that SB 775 was pending and, if enacted, would entitle him to relief. In their respondent's brief, filed in September 2021, the People acknowledged that SB 775 was pending; they argued merely that it had not yet been enacted. SB 775 was enacted in October 2021. In his reply brief, filed in November 2021, petitioner pointed this out. Thus, the People were well aware that SB 775 was looming, and they had the opportunity to raise any argument they might have had that it would not entitle petitioner to relief.

Accordingly, we will reverse and remand for further proceedings.  Petitioner's other contentions are moot.[2]

### III

### DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
          P. J.


We concur:

McKINSTER
                    J.

CODRINGTON
                    J.

---

[2]      Petitioner filed a request for judicial notice of certain legislative intent materials related to SB 775.  As SB 775 is now in effect, and its application to petitioner is not ambiguous, these materials are irrelevant.  We therefore deny the request.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)